FULMER, Judge.
Hazel Battles appeals the denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). In his motion, Battles alleged that his habitual violent felony offender minimum mandatory sentence is illegal as a result of our opinion in Taylor v. State, 818 So.2d 544 (Fla. 2d DCA), review dismissed, 821 So.2d 302 (Fla.2002), which held chapter 99-188, Laws of Florida, unconstitutional in violation of the single subject rule. Battles claimed that chapter 99-188 allowed the sentencing court to impose a minimum mandatory sentence. The trial court denied this claim, stating that the legislature cured the single subject violation by retroactively reenacting chapter 99-188.
In Green v. State, 839 So.2d 748 (Fla. 2d DCA 2003), this court held that the legislature’s retroactive reenactment of chapter 99-188 was invalid. Therefore, Battles would be entitled to relief under Taylor if his sentence was affected by the amendments in chapter 99-188. The minimum mandatory sentencing provisions for habitual violent felony offenders were already present in section 775.084, Florida Statutes, when the legislature adopted chapter 99-188, and they were not affected by the amendments in chapter 99-188. See § 775.084(4)(b), Fla. Stat. (1997); ch. 99-188, § 3, at 1049. Therefore, Battles is not entitled to relief on this basis.
However, chapter 99-188 did amend the habitual violent felony offender statute to include defendants who have committed a felony while serving, or within five years of serving, a court-ordered or lawfully imposed supervision that is the result of a conviction for an enumerated felony. See ch. 99-188, § 3, at 1043. Battles may be entitled to relief if he qualified as a habitual violent felony offender under this amendment. Therefore, we affirm without prejudice to any right Battles may have to file a facially sufficient rule 3.800(a) motion seeking relief on this basis.
Affirmed.
STRINGER and CANADY, JJ„ concur.